## CHARLES T. BARNES

*v.*

## BENJAMIN F. EHRMAN.

MARRIED WOMEN — *may execute mortgage with power of sale.* The statute which provides that "any married woman, being above the age of eighteen years, joining with her husband in the execution of any mortgage, conveyance, power of attorney or other writing of, or relating to the sale, conveyance or disposition of her lands or real estate, or any interest therein, shall be bound and concluded by the same, etc.," gives to a married woman, by her husband joining with her in its execution, power to execute a mortgage or deed of trust containing a power of sale, and a sale under such a power will effectually bar her equity of redemption.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Mr. JAMES DUNNE, for the appellant.

Messrs. HOLMES, RICH & NOBLE, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

The bill alleges that in March, 1873, Mary J. E. Foster was the owner of the lands involved in this controversy; that she and her husband, Charles G. Foster, were indebted to appellee in the sum of $7,500, for which they gave him their three promissory notes, each for the sum of $2,500, payable in one, two and three years, and for the better securing of such indebtedness, Mrs. Foster and her husband executed a mortgage, or deed of trust, upon her separate real estate, as described in the bill, which deed of trust contained a power of sale. Default was made in payment of the first note, and appellee, having advertised the property for sale, in accordance with the terms of the mortgage, this bill was filed to enjoin the sale, on the ground the power of sale contained in the mortgage, as well as all other covenants therein contained, are inoperative as to Mrs. Foster. Appellant is a purchaser from Mr. and Mrs. Foster, and now insists the mortgage constitutes no lien on the premises, and that he takes the property discharged from the indebtedness secured thereon.

It is not claimed Mrs. Foster, by joining with her husband, could not make a valid mortgage on her separate real estate, but it is argued the power of sale and all other covenants contained in the mortgage, beyond pledging her "interest in her estate," are void as against her.

It will not be necessary to inquire what authority a married woman had at common law, if any, to bind herself by covenants in relation to her separate estate, for we are of opinion the statute in force at the date of this transaction gave her, by her husband joining with her in its execution, power to execute a mortgage or deed of trust containing a power of sale, and that a sale under such a power would effectually bar her equity of redemption. That statute provides: "Any married woman, being above the age of eighteen years, joining with her husband in the execution of any mortgage, conveyance, power of attorney, or other writing of or relating to the sale,

conveyance, or other disposition of her lands or real estate, or any interest therein, shall be bound and concluded by the same in respect to her right, title, claim or interest in such estate as if she were sole." 2 Gross' Stat. 53, § 90.

The power of sale usually contained in a mortgage or deed of trust is an irrevocable authority to aid in the alienation of the estate, and bears no analogy to covenants declared by the common law to be inoperative in the deed of a married woman.

It is a power of attorney in relation to the sale of her separate estate, and having joined with her husband in its execution, it is authorized by the statute, and may be enforced against her to the effectually barring of her equity of redemption in the premises to be conveyed.

It will not be necessary to consider the point made on the insufficiency of the notice. No sale was made under the notice given, the same having been stayed by the temporary injunction. In case a sale shall hereafter be made, it must be done after new notice given in accordance with the terms of the mortgage.

The bill was properly dismissed and the decree will be affirmed.

*Decree affirmed.*