Syllabus.

## MARY EDWARDS

*v.*

## JOHN SCHOENEMAN.

*Filed at Springfield September 28, 1882.*

1. MARRIED WOMEN—*power to convey their land or to give a mortgage thereon.* Under the acts of 1869, and section 18 of the act of 1872, relating to conveyances, a married woman might, by joining with her husband in the execution of a deed or mortgage relating to the sale or disposition of her real estate, bind and conclude herself, the same as a *feme sole.*

2. Section 9, chap. 68, Rev. Stat. 1874, confers upon a married woman the power to sell and convey her lands in the same manner that her husband can sell and convey property belonging to him. By this section a married woman is placed upon a perfect equality with her husband, so far as the conveyance or mortgaging of her lands is concerned.

3. MISTAKE—*in deed by married woman—may be corrected in chancery.* Since the passage of the act of 1869, in regard to conveyances, a court of equity may correct a mistake in the description of the property in a deed or mortgage of a married woman's land.

4. SAME—*proof to authorize correction.* In a mortgage by a husband and wife of the lands of the wife, the property was described as lots 9, 10, 11 and 12, in block 6, in E. Iles' addition to the city of Springfield. In a second mortgage between the same parties, the property was described the same as in the first, except that the block was omitted, but in the *habendum* clause it was stated, "that said land is free from all incumbrance, except a former mortgage to same party." On bill to reform the second mortgage and to foreclose, the proof showed that the wife (mortgagor) had executed but two mortgages, and that she owned no property in E. Iles' addition but that described in the first mortgage: *Held,* that these facts, in connection with the statement in the second mortgage quoted, made it plain that the intention was to mortgage the same land by the second mortgage as in the first one.

5. CERTIFICATE OF ACKNOWLEDGMENT—*of its sufficiency.* Although the certificate of the officer to the acknowledgment of a deed or mortgage by a husband and wife may not be in the precise form given by the statute, if it contains all the substantial requirements of the statute it will be sufficient.

6. CONSIDERATION—*mortgage of wife's property to secure husband's debt.* The husband's indebtedness is a sufficient consideration for a mortgage given by him and his wife on her separate property to secure his debt.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal .from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

The certificate of the acknowledgment of the second mortgage referred to in the opinion of the court, after the venue, is as follows.:

"Before me, the undersigned notary public within and for the county aforesaid, came Mary Edwards and Charles Edwards, who are personally known to me as the .real persons by whom and in whose names the same is proposed to be acknowledged, and who there severally acknowledged their signature thereto to be their free and voluntary act and deed, for the purpose of waiving and releasing all right, .title and interest in and to said land by virtue of the homestead exemption laws of this State, and for all other purposes therein expressed; and the said Mary Edwards, being by me first examined, separate and apart from her said husband, and the contents of said conveyance being first made known to her, acknowledged that freely and voluntarily, without any compulsion or coercion from her said husband, she executed the same, and forever released and waived all right, interest and title to said real estate, by virtue of the homestead exemption laws of said State, relinquished all her right to the claims of dower in and to the lands and tenements in said conveyance described, and sold, transferred and conveyed all her title in fee simple, or right by inheritance, in and to the real estate aforesaid, and that she does not wish  · to retract.

"Given under my hand and notarial seal," etc.

Mr. N. W. EDWARDS, for the appellant:

The several acts in force when this mortgage was executed would not make a mortgage of a married woman good, if

given to secure any liability which she had not the legal capacity to make at that time. See *McDonald* v. *Mobile Life Ins. Co.* 56 Ala. 469; *Wilson & Huntington* v. *Jones,* 46 Md. 358.

The agreement to charge the separate estate of a married woman must be included in the original consideration out of which the indebtedness is claimed to arise. *Manhattan B. and M. Co.* v. *Thompson,* 58 N. Y. 82; *Maxon* v. *Scott,* 55 id. 247; *Corn Exchange Ins. Co.* v. *Babcock,* 42 id. 614; *Eisenlud* v. *Snyder et al.* 71 Ill. 47; *Gorman* v. *Cruger,* 7 Hun, 61; 69 N. Y. 90.

Under the act of 1861, giving the wife a separate estate, she had only the disposing capacity which the common law or some enabling statute allowed her. *Emert* v. *Hayes,* 89 Ill. 16; *Bressler* v. *Kent,* 61 id. 429.

By the common law she could make no obligatory contract for the sale of her separate property, without express power given her. *Brown* v. *Fifield,* 4 Mich. 326; Story on Contracts, sec. 83; *Russell* v. *Rumsay et al.* 35 Ill. 371; *Hogan* v. *Hogan,* 89 id. 429.

The wife can not make a valid mortgage of her separate estate as a security for the debt of her husband, if the debt was not contracted on the credit of her separate estate. *Williard* v. *Eastham,* 15 Gray, 328; *Perkins* v. *Elliott,* 23 N. J. Eq. 525; *Wilson et al.* v. *Cheatman et al.* 45 Ala. 337; *Dawson* v. *Lanier,* 51 id. 321; *Doyle et al.* v. *Kelly et al.* 75 Ill. 574; Story's Eq. Jur. secs. 473, 474, 480–490.

A court of equity will not enforce a gratuitous undertaking of a wife to subject her estate to the payment of her husband's debts. *White's Appeal,* 36 Pa. St. 134; *Ledlie* v. *Brooman,* 40 Barb. 113.

A note and mortgage given for a preëxisting debt of her husband are void. *Wilhelm* v. *Schmidt et al.* 84 Ill. 183; *Schumpert* v. *Dillard, Pierson & Co.* 55 Miss. 361; *Bartlett* v. *Bartlett,* 4 Allen, 440; *Athol Machine Co.* v. *Fuller,* 107

Mass. 439; *Thomas* v. *Lowry*, 60 Ill. 513; *Taylor* v. *Board-man*, 92 id. 566.

To charge a married woman, under the act of 1861 the contract must relate to her separate property. This is the extent of her power to contract. *Garland et al.* v. *Pence*, 1 Bradw. 111; *Conklin* v. *Doul et al.* 67 Ill. 355; *Wilson et al.* v. *Jones*, 46 Md. 349; *Carpenter* v. *Mitchell,* 50 Ill. 470; *Williams* v. *Hugunin*, 69 id. 219.

That a married woman's deed can not be reformed for mistake in description of property, or for imperfect description, counsel cited *Purcell* v. *Gorham et ux.* 17 Ohio, 124; *Carr* v. *Williams*, 10 id. 309; *Oglesby Coal Co.* v. *Pasco*, 79 Ill. 170; *Moulton et ux.* v. *Hurd*, 20 id. 141; *Board of Trustees* v. *Davidson*, 65 id. 126; *Russell* v. *Rumsey et al.* 35 id. 376; *Hogan* v. *Hogan*, 89 id. 427; *Hawley* v. *Twyan*, 29 Gratt. 730.

The acknowledgment as to the wife is not sufficient, and renders the mortgage of no validity. *Lindley* v. *Smith*, 58 Ill. 250; *Russell* v. *Rumsey et al.* 35 id. 370; *Jackson* v. *Ramsay*, 15 id. 248; *Murphy* v. *Williamson*, 85 id. 149.

Messrs. PALMERS, ROBINSON & SHUTT, for the appellee:

The statute of 1869, in force when these mortgages were executed, gave a married woman the power, by joining with her husband, to mortgage and convey her separate real estate. Laws of 1869, 359; Laws of 1872, Gross' Stat. vol. 2, p. 53, sec. 18; *Barnes* v. *Ehrman*, 74 Ill. 402; *Hogan* v. *Hogan*, 89 id. 431; *Marsten et al.* v. *Brittenham*, 76 id. 611.

Since the act of 1869 the deed of a married woman conveying her separate estate may be reformed for a mistake, the same as if she were sole. *Knox* v. *Brady*, 74 Ill. 475.

Under that act a married woman could convey as a *feme sole*, (*Terry* v. *Eureka College*, 70 Ill. 237,) and under it a wife might execute a mortgage made years before by her husband. *Styles* v. *Probst*, 59 Ill. 382.

The proof was sufficient to authorize the reformation of the second mortgage for a mistake. *Clark* v. *Powers,* 45 Ill. 283; *Colcord* v. *Alexander,* 67 id. 581; *Smith* v. *Crawford,* 81 id. 295; *Cornwell* v. *Cornwell,* 91 id. 414; *Dougherty* v. *Purdy,* 18 id. 208.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by John Schoeneman, to foreclose two mortgages executed by Charles Edwards, and Mary Edwards, his wife, to secure certain debts of the husband. The first mortgage bears date January 1, 1873, but was not acknowledged until September 27, 1873. The property is described in the mortgage as lots 9, 10, 11 and 12, in block 6, in E. Iles' second addition to the city of Springfield. The second mortgage was executed and acknowledged August 13, 1877, and the description of the property is the same as that contained in the first mortgage, except the block is omitted. In the *habendum,* however, we find the following: "That said land is free from all incumbrance, except a former mortgage to same party." The property described in the mortgages was owned by Mary Edwards, which she had acquired from her father-in-law.

Various objections have been urged to the validity of these mortgages, and we have given them as much consideration as their importance demands, and will give the conclusions we have reached in regard to so many of them as are material to a proper decision of the case.

It is first urged that appellant, being a married woman, had no power to mortgage her property to pay her husband's debts. The solution of this question depends upon the law in force at the time the mortgages were executed. The first mortgage, having been executed and acknowledged in 1873, will be controlled by "An act concerning conveyances," in force July 1, 1872, (Laws of 1872, page 282,) the 18th section of which declares: "Any married woman, being above

the age of eighteen years, joining with her husband in the
execution of any deed, mortgage, conveyance, power of attor-
ney, or other writing of or relating to the sale, conveyance,
or other disposition of her lands or real estate, or any inter-
est therein, shall be bound and concluded by the same in
respect to her right, title, claim or interest in such estate, as
if she were sole." Section 19 provides that the acknowl-
edgment may be the same as if she was sole. This act is
in substance the same as an act approved March 27, 1869.
(Laws of 1869, page 359.) Indeed, it is almost a literal
copy of the act of 1869. Under the last named act this
court held, in a number of cases, that a married woman
might, by joining with her husband in the execution of a
deed or mortgage relating to the sale or disposition of her
real estate, bind and conclude herself, the same as a *feme
sole*. *Hogan* v. *Hogan*, 89 Ill. 427, is a case which may be
regarded as conclusive on the question. We have placed the
same construction on the act of 1872, *supra*, that we did on
the act of 1869, as may be seen by an examination of *Barnes*
v. *Ehrman*, 74 Ill. 402. Without, therefore, going back to
inquire what the rights and powers of a married woman in
regard to a sale or disposition of her real estate were at
common law, or even under the statute of 1861, there can be
no doubt in regard to the right of appellant to mortgage her
lands, as she did in this instance, by joining with her hus-
band in the execution of the mortgage, as provided by the
act of 1872.

As respects the second mortgage, which was executed in
1877, the act of 1872, cited above, was in force, having been
incorporated in the revision of 1874, and in addition, sec. 9,
chap. 68, Rev. Stat. 1874, page 577, which confer upon a
married woman the power to sell and convey her lands in
the same manner that her husband can property belonging
to him. Under the act of 1872 it was essential to the validity
of a deed or mortgage that the husband should join with

the wife when she attempted to convey her real property, but under the provision of section 9, which was incorporated in the revision of 1874, this obstacle was removed, and a married woman was placed upon a perfect equality with her husband, in so far as the conveyance of her lands was concerned.

But it is said the second mortgage is void in consequence of an error in the description of the property. We do not think the error in the description vitiates the mortgage, when it is apparent that a mistake has been made in describing the property. A court of equity may correct the mistake. The fact that the mortgagor was a married woman, does not militate against this view. Prior to the passage of the act of 1869, amending the act of 1845, in regard to conveyances, this court had held in a number of cases that the deed of a married woman could not be reformed; but since the passage of the act of 1869 a different rule has prevailed in cases where the conveyance relates to the property of the wife. Knox v. Brady, 74 Ill. 476, is a case in point upon this question. It appears that appellant had executed but two mortgages—that she owned no property in E. Iles' addition but that described in the first mortgage. These facts, considered in connection with the statement in the second mortgage, "that said land is free from all incumbrance, except a former mortgage to the same party," make it plain that the intention was to mortgage the same land in and by the second mortgage that was embraced in the first one.

Objection has been made to the form of the acknowledgment of the mortgages. The certificate of the officer may not be in the precise form specified in section 26, of chapter 30, entitled "Conveyances," but it contains all the substantial requirements of the statute, and we regard it sufficient.

It is also said no consideration passed from the mortgagee to appellant, who owned the lands. Appellant's husband was indebted to appellee, and as she saw proper to mortgage

her own property to secure the payment of that indebtedness, such indebtedness formed a valid consideration for the mortgage.

Some other questions of a technical character have been raised, but we perceive no substantial merits in them.

As no error appears in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*