ELMER WASHBURN, Receiver, etc.,

v.

FREDERICK ROESCH ET AL.

1.  ACKNOWLEDGMENT—DENIAL BY GRANTORS—OFFICIAL ACT OF NO-
TARY.—Where an alleged acknowledgment of a mortgage by a wife was
explicitly denied by the husband and wife, the grantors, but was supported
by the official certificate of the notary in due form, and his positive testimo-
ny that he explained the contents, etc., and that the wife acknowledged the
deed as certified. *Held*, that the notary, being a disinterested witness, and
free from all imputation of fraud or collusion, his official act and testimoi y
can not be overcome by the denial of the grantors alone.

2.  MISREPRESENTATIONS BY HUSBAND.—This acknowledgment, after
such explanation by the notary, would cure the previous misrepresentation
by the husband as to the character of the instrument the wife was to sign,
if such misrepresentation, to which the company which held the mortgage
was in no way a party, would otherwise have avoided the mortgage in the
hands of the company, which the court does not concede.

3.  MORTGAGE OF WIFE'S SEPARATE ESTATE.—Under the acts of 1861
and 1869, a married woman could charge her separate estate for the debt of
her husband by a mortgage of her separate property and homestead, in the
execution of which the husband joined.

4.  CORPORATION AND STOCKHOLDER—ORGANIZATION DE FACTO—
USER.—As between an acting corporation and its stockholder, the stockhold-
er can not insist that the corporation must show a compliance with all the
required conditions of the statute.  Organization *de facto* and *user* are suffi-
cient.

5.  DEFENSE—CORPORATION—HUSBAND AND WIFE.—Where a bill was
filed to foreclose a mortgage of the separate property and homestead of a
wife, alleged to have been executed by the husband and wife to secure the
payment of the husband's promissory note. *Held*, that the defense that the
note and mortgage were signed and delivered to the company before
$100,000 of the capital stock had been paid in, in money, as required by
statute, can not be made by the husband; and the wife can not make it for
him nor for herself, in this collateral proceeding.  If the husband is liable
on the note, the wife, who is concerned only in the mortgage, can not avoid
it except for a reason pertaining to the mortgage.

6.  DEFENSE AS TO PAYMENT FOR STOCK.—The husband can not be
heard to make the ungracious defense that the note secured by mortgage was
given for the first installment, being twenty-five per cent. of the subscription
of said defendant to the capital stock of the company, and that for this the
company was not authorized to take anything in lieu of money; especially
in view of the fact that the company was expressly authorized by statute to
invest its means in such securities.

Washburn v. Roesch.

APPEAL from the Circuit Court of Lake county; the Hon. C. W. UPTON, Judge, presiding.    Opinion filed July 27, 1883.

Mr. FRANCIS LACKNER, for appellant; that parties act on the faith of a notary's certificate, and in the absence of fraud and collusion, his certificate must be entitled to the fullest credit, cited Canal and Dock Co. v. Russell, 68 Ill. 431; Russell v. Baptist Theol. Union, 73 Ill. 341; Kerr v. Russell, 69 Ill. 671; Lowell v. Wren, 80 Ill. 239; Crane v. Coane, 81 Ill. 166; Spurgin v. Traub, 65 Ill. 172; Marston v. Brittenham, 76 Ill. 614; Graham v. Anderson, 42 Ill. 518; Monroe v. Poorman, 62 Ill. 526; Smith v. Allis, 12 Reporter, 192; Fitzgerald v. Fitzgerald, 100 Ill. 385.

Where a company exists *de facto*, a person who contracts with such body will not be heard to insist that its organization was illegal to avoid liability on his part: Ill. G. T. R. R. Co. v. Cook, 29 Ill. 242; Goodrich v. Reynolds, 31 Ill. 497; Bigelow v. Gregory, 73 Ill. 201; Rice v. R. I. & A. R. R. Co. 21 Ill. 95.

Under the law of 1869, a married woman could mortgage her separate property to secure her husband's debt, the latter joining in the conveyance: Edwards v. Schoeneman, 104 Ill. 278; Spurgin v. Traub, 65 Ill. 170; Barnes v. Ehrman, 74 Ill. 492; Ladew v. Paine, 82 Ill. 221; Morrison v. Brown, 83 Ill. 562.

As to the effect of the laws regulating the wife's control over her real estate: Hogan v. Hogan, 89 Ill. 427.

Appellant had a right to take this mortgage in payment of a stock subscription: R. S. Ch. 73, § 36.

Mr. CHARLES WHITNEY, for appellee; that where the subject-matter of a suit concerns the separate matter of the wife, testimony of the husband is admissible to corroborate the wife's, cited Lowell v. Wren, 80 Ill. 238; R. S. 1874, Title Evidence, § 5.

Conveyances of married women for the transfer of their real estate, must be acknowledged in the proper form prescribed

by the statute, otherwise the deed is useless as a conveyance of title: Lindley v. Smith, 58 Ill. 250; Kerr v. Russell, 69 Ill. 666; Bressler v. Kent, 61 Ill. 426.

As to how corporate existence can be acquired: Bigelow v. Gregory, 73 Ill. 197; Green's Brice's Ultra Vires, 392; Angell & Ames on Corporations, §§ 147, 521–529; Gross Stat. 1869, p. 363, § 33.

A corporation of limited powers can take nothing in payment for stock subscribed except money, unless by express provision of its charter: Navigation Co. v. Comr's, etc. 7 Jones (Law), 275; Phila. & W. R. R. Co. v. Hickman, 28 Penn. St. 318; Henry v. V. R. R. Co. 17 Ohio, 187; King v. Elliott, 5 S. & M. 428; Highland Turnpike Co. v. McKean, 11 John. 98; Goshen & M. T. Co. v. Hurtin, 9 John. 217; Green's Brice's Ultra Vires, 392, 419, 420.

A married woman under the laws of the State in force in 1869, who became security for her husband's debt, can interpose coverture as a defense even in equity: Carpenter v. Mitchell, 50 Ill. 470; Schmidt v. Postel, 63 Ill. 58.

A note and mortgage given by a married woman prior to the laws of 1874, for a pre-existing debt of her husband, is void: Wilhelm v. Schmidt, 84 Ill. 182; Taylor v. Boardman, 92 Ill. 566; Kohn v. Russell, 91 Ill. 138.

PLEASANTS, J. February, 1877, the predecessor of appellant, as receiver of the Teutonic Life Insurance Company, filed this bill to foreclose a mortgage of the separate property and homestead of Mrs. Lena Roesch in Waukegan, alleged to have been executed by her and Frederick Roesch, her husband, on the 22d day of September, 1869, to secure the payment of his promissory note of September 21, 1869, for $1,250, with interest at the rate of seven per cent. per annum, payable in three years from said date. Ellis, who was made defendant as having or claiming some interest in the premises subsequent to that of the mortgage, was defaulted.

The defendants, Roesch, by separate answers set up several defenses, viz: That the note and mortgage were signed and delivered to the company before $100,000 of the capital stock

Washburn v. Roesch.

had been paid in in money, and that this payment was re-
quired by Sec. 14 of the act of March 26, 1869, before it
would be authorized to do business: Laws of 1869, p. 229;
that the note was given for the first installment, being twen-
ty-five per cent. of the subscription of said Frederick to the
capital stock of said company, and that for this the company
was not authorized to take anything in lieu of money; that
the premises were then and still are the separate property and
homestead of a married woman and the indebtedness to secure
which the mortgage was taken, if any, was wholly that of her
said husband, for which she never received any consideration;
that her signature to said mortgage was procured by fraud
and circumvention of her husband; and that said mortgage
was never explained to nor understood or acknowledged by
her.

Mrs. Roesch also filed a cross-bill, averring the same facts
set forth in her answer and praying that said mortgage be
canceled and set aside as a cloud upon her title.

Issues having been joined and proofs taken, the court by
its decree rendered on final hearing found that the mortgage
was given upon the separate property of the wife to secure
the indebtedness of her husband previously contracted, and
was therefore null and void; dismissed the bill for want of
evidence; set aside the mortgage as a cloud upon her title
pursuant to the prayer of her cross-bill, and adjudged the
costs against the complainant.

It does not appear that any other question of fact or law
was found or ruled upon by the court besides those so set
forth in the decree.

There was no dispute as to those so found, nor any
other that we deem material except the alleged acknowledg-
ment.

The latter was explicitly denied by both the defendants
Roesch, but was supported by the official certificate of the
notary in due form, and his positive testimony that he was
personally acquainted with the parties; that he knew Mrs.
Roesch did not speak or understand the English language,
and that he fully explained to her in German and apart

from her husband the contents and meaning of the instrument and the effect of the acknowledgment, of which facts he said he had a distinct recollection, and that she thereupon did acknowledge it as certified. Being a disinterested witness and free from all imputation of fraud or collusion, his official act and testimony can not be overcome by the denial of the grantors alone. So it seems to be settled by the Supreme Court, upon a review of former decisions in the latest case on the subject. Heacock v. Lubbucke, Chicago Legal News of June 2, 1883. And this acknowledgment, after such explanation, would cure the previous misrepresentation by her husband as to the character of the instrument she was to sign, if such misrepresentation, to which the company was in no way a party, would otherwise have avoided it in the hands of the company, which we by no means concede. Spurgin v. Traub, 65 Ill. 170.

That under the acts of 1861 and 1869 a married woman could charge her separate estate for the debt of her husband by an instrument of this character in the execution of which he joined, is also settled by the late case of Edwards v. Schoeneman, 104 Ill. 278.

As against her husband his note secured by mortgage, in lieu of money, for the first installment of his subscription was valid and binding, especially in view of the fact that the company was expressly authorized by the same section of the act before cited, to invest its means in such securities. Underwood's Statutes, 1878, Chap. 73, Sec. 36. He can not be heard to make so ungracious a defense. Ill. River R. R. Co. v. Zimmer, 20 Ill. 657; Ill. Gr. Trunk R. R. Co. v. Cook, 29 Id. 242; Goodrich v. Reynolds, Wilder & Co. 31 Id. 496-7.

Nor to dispute the organization of the corporation to whose capital stock he had thus subscribed, on the ground that $100,000 had not been paid in in cash as required by the statute to authorize it to do business. In Bigelow v. Gregory, 73 Ill. 197, where the defendants were sought to be charged personally and *prima facie* were so liable, but by way of defense set up that they were incorporated under a general law, it was held that they must show a substantial compliance

with all the required conditions; but that was expressly distinguished from a case between an acting corporation and its stockholder. In the latter the defendant can not insist upon such proof. Organization *de facto* and user, which here are not denied, are sufficient. Rice v. R. I. & Alton R. R. Co. 21 Ill. 95; Goodrich v. Reynolds, *supra;* P. & P. U. R'y Co. v. N. P. & F. R'y Co. 105 Ill. 110; (on the general rule in such cases see, also, Cross v. Pinckneyville Mill Co. 17 Ill. 54; Griswold v. Trustees of Peoria University, 26 Id. 41; Baker v. Adm'r of Backus, 32 Id. 79; Mitchell v. Deeds, 49 Id. 417; Marsh v. Astoria Lodge, 27 Id. 421; Pr. & Trs. of Mendota v. Thompson, 20 Id. 197; Town of Lewiston v. Proctor, 27 Id. 414; Hamilton v. Town of Carthage, 24 Id. 22; Thompson v. Candor, 60 Id. 347.)

And since he can not make this defense for himself we hold that she can not make it for him nor for herself in this collateral proceeding.

The claim against her husband is and from the beginning was lawful and valid. So far as the wife is concerned there is no attempt to enforce it against her, either as principal or surety, but only her property which she voluntarily and specifically pledged for the very purpose of having it so dealt with in the event that has happened, to wit: the failure of her husband to pay it. This is not the case of a note apparently against both, in which both are sought to be charged upon it, and one, whether as principal or surety, might have a defense not available to the other. So far as liability on the note is concerned the only question is whether the husband is liable. If he is, she, who is concerned only in the mortgage, can not avoid it except for a reason pertaining to the mortgage. She can not plead that her husband, although individually liable on the note as to himself, is not liable thereon as to her. Such language would be unintelligible. The only condition of the defeasance of the mortgage is that he shall not be liable and in default on the note. If he is, then the mortgage, according to its conditions, is of full force and effect against her.

For these reasons we think the court erred in dismissing

the bill and in granting the relief asked for in the cross-bill. The decree is reversed and the cause remanded for further proceedings in conformity with this opinion.

Reversed and remanded.