SAMANTHA DEAN

*v.*

MARGARET L. SHREVE.

*Filed at Springfield April 2, 1895.*

1. ACKNOWLEDGMENT—*not essential to validity of deed by married woman.* Under the act of March 27, 1869, an acknowledgment is not essential to the validity of a deed by a married woman, where she joined with her husband in its execution.

2. HUSBAND AND WIFE—*what is "joining" in deed by.* A husband joins with his wife in the execution of a deed of her property, under the statute providing that a deed so joined in shall bind the wife, by her signing his name to the deed with his authority, although he does not acknowledge it.

3. DEED—*what words convey grantor's entire interest.* A deed by the owner of an undivided fourth in land, conveying "one-fourth part of the undivided interest as heir" of a person deceased, will convey the grantor's entire one-fourth interest, where the evidence shows such grantor intended to convey all her interest except a supposed interest in the dower of the widow, which latter had no real existence.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

GERE & PHILBRICK, and STERLING P. LEMMON, for appellant:

A married woman could not convey real estate except by complying strictly with the provisions of the statute, the right being purely statutory. *Moulton* v. *Hurd*, 20 Ill. 137.

Under the statute of 1869 a married woman could not convey her real estate unless her husband joined in the deed. *Breit* v. *Yeaton*, 101 Ill. 242; *Brooks* v. *Kerns*, 86 id. 547; *Elder* v. *Jones*, 85 id. 384; *Bressler* v. *Kent*, 61 id. 426; *Cookson* v. *Toole*, 59 id. 521.

The deed being void for the reason the husband did not join in its execution, equity will not correct an error in a conveyance which has no validity as such. *Lindley* v. *Smith*, 58 Ill. 250.

Equity will not interfere to reform a deed or mistake, except when the evidence of a mistake is clear and convincing. *Nichol* v. *Mason*, 49 Ill. 358; *Mills* v. *Lockwood*, 42 id. 111; *Kuchenbeiser* v. *Beckert*, 41 id. 172.

Possession by a widow of lands in which her dower and homestead have not been assigned, gives no rights as against the heir. *Musham* v. *Musham*, 87 Ill. 80.

One tenant in common cannot hold adversely to another. *Dryden* v. *Newman*, 116 Ill. 186; *Connor* v. *Connor*, 119 id. 170; *Nichol* v. *Smith*, 99 id. 529.

The Statute of Limitations does not run where possession is held by agreement. *Winslow* v. *Cooper*, 104 Ill. 235; *Quincy* v. *Jones*, 76 id. 241; *Railway Co.* v. *People*, 91 id. 251.

The rule requiring a deed to be construed most strongly against the grantor does not authorize the changing of a deed by imputing an intention which is not expressed. *Bradish* v. *Yocum*, 130 Ill. 386.

Property may be identified by extrinsic proof, but the description in the deed cannot be so enlarged or restricted. *Bridge Co.* v. *Custer*, 103 Ill. 410.

CHARLES H. KIENZLE, and THOMAS J. SMITH, for appellee:

The question of the intention of parties in conveying land must be ascertained from the language of the deed and all the attendant circumstances in evidence, and not merely by the letter in the descriptive part of the deed. *Piper* v. *Connelly*, 108 Ill. 646; *Railroad Co.* v. *Koelle*, 104 id. 455.

Of two constructions that may be given a deed, the one most strongly against the grantor will always be applied. *Sharp* v. *Thompson*, 100 Ill. 447.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a bill for partition, brought by Margaret Shreve, in the circuit court of Champaign county, in which she claimed to own the undivided half of the east

half of the south-east quarter of section 33, township 22, north, range 10, east of the third principal meridian, in Champaign county. In the bill it was alleged that the other undivided half of the land belonged to Abbie Pierce and Hulda Crawford, each owning an undivided one-fourth.

It appears from the evidence that in 1865 Morgan L. Bullock died intestate, seized of the land in controversy, leaving his widow, Patience Bullock, and Hulda Crawford, Lewis Bullock, Abbie Pierce and Samantha Dean, his children and heirs-at-law. After the death of Bullock, Joseph T. Kelly married his widow, and upon their marriage they took up their residence on the land in question and continued to reside thereon until 1891. On the 20th of April, 1869, Joseph T. Kelly bought Lewis Bullock's undivided one-fourth interest in the land of which his father died seized, and received a deed, for which he paid $466. On the 9th day of November, 1869, Joseph T. Kelly bought Samantha Dean's undivided interest in the land, for which he paid $500 and received a deed, which is set out in the abstract. In January, 1892, Patience Kelly, the widow of Bullock, died, and in the following June Joseph T. Kelly conveyed his interest in the land to appellee, Margaret L. Shreve, and in the following November he died.

It is conceded by both parties that Hulda Crawford and Abbie Pierce each own an undivided one-fourth of the eighty-acre tract of land, and the conveyance by Lewis Bullock to Kelly, and by Kelly to the appellee, of another fourth of the land, is not controverted. The only controversy, therefore, presented by the record, is in regard to the ownership of the other undivided one-fourth, which, upon the death of Morgan L. Bullock, descended to Samantha Dean. This is claimed by appellee under deed dated November 9, 1869, from Samantha Dean and William C. Dean, her husband, to Joseph T. Kelly, while, on the other hand, it is claimed, first, as the land sought

to be conveyed belonged to a married woman, the deed is void because not executed and acknowledged by Samantha Dean and her husband according to law; and second, that the deed in no event conveyed more than one-sixteenth of the eighty-acre tract of land.

The deed, or so much of it as is necessary to a proper understanding of the question involved, was as follows:

"This indenture, made this ninth day of November, in the year of our Lord eighteen hundred and sixty-nine, between Samantha Dean and William C. Dean, her husband, of the county of Schuyler and State of Illinois, of the first part, and Joseph T. Kelly, of the county of Champaign and State of Illinois, of the second part:

"*Witnesseth*, That the said party of the first part, for and in consideration of $500 to her duly paid, the receipt whereof is hereby acknowledged, do grant, bargain, sell, convey and confirm unto the said party of the second part, and to his heirs and assigns, a certain tract or parcel of land, with the appurtenances, lying and being in the county of Champaign and State of Illinois, described as follows, to-wit: being one-fourth part of the undivided interest, as heir of Morgan L. Bullock, deceased, of the east half of the south-east quarter of section thirty-three (33), No. 22, range 10, east of the third principal meridian. To have and to hold," etc.

The deed concludes in the usual form of a warranty deed, and is signed by Samantha Dean, and William C. Dean by Samantha Dean, and acknowledged before a notary public, in due form, by Samantha Dean.

It will be observed that the property involved was owned by a married woman, and under the law as it existed prior to 1869 the deed was not sufficient to pass title. Prior to 1869, when a married woman desired to convey her own lands the statute required her husband to join with her in the execution of the deed, and also required it to be acknowledged by both husband and wife in a specified manner, otherwise the deed would be void. The

acknowledgment, as required by statute, was an essential requisite. But the act of March 27, 1869, in force when the deed in question was made, provided, in substance, that any *feme covert* above the age of eighteen years, joining with her husband in the execution of any deed or other writing of or relating to the sale, conveyance or other disposition of lands, should be bound and concluded by the same in respect to her right, title, claim, interest or dower in such estate as if she were sole and of full age, and that the acknowledgment or proof of such deed, mortgage, conveyance or other writing might be the same as if she was sole. Under this statute the acknowledgment ceased to be an essential requisite to the validity of a deed. Where she joined with the husband in the execution of the instrument the demands of the law were complied with. The certificate of acknowledgment might be the same as if she was sole. (*Edwards* v. *Schoeneman*, 104 Ill. 278.) Indeed, if the instrument was not acknowledged at all, proof of its execution might have been made as at common law. (*Hogan* v. *Hogan*, 89 Ill. 427.) Here the husband and wife joined in the execution of the deed. His name, it is true, was signed to the deed by the wife ; but authority from the husband to write his signature to the deed is not denied by either husband or wife in either the answer or the evidence. It will therefore be presumed she wrote his name to the deed by his direction. The fact that the husband did not acknowledge the deed did not impair its validity. He joined with the wife in its execution, which, under the act of 1869, rendered it valid.

We now come to the other question—whether the deed conveyed all the interest appellant held in the land, or only one-sixteenth of the eighty-acre tract, as claimed by appellant. In the amended bill the appellee alleged that appellant sold her undivided one-fourth interest in the tract of land, and by the deed intended to convey that interest, but that an error occurred in the

description. The court did not, however, in its decree, reform the deed, but found that appellant had no interest whatever in the premises, except as a judgment creditor; that Margaret Shreve was the owner of the one-half of said premises, Hulda Crawford the owner of the undivided one-fourth, and Abbie Pierce the owner of the undivided one-fourth, and decreed that the premises should be so partitioned among the persons found by the court to be the owners. We think it is plain, when all the facts and circumstances are considered, that the appellant sold Kelly, and intended by the deed of November 9, 1869, to convey, her entire interest in the land. Indeed, her own letter put in evidence, written as late as September 9, 1892, shows that she sold all the interest she had. In the letter she says: "Now, when I sold to Mr. Kelly I did not sell to him my entire right and claim in the estate. It was what would be my interest exclusive of the widow's. Now that she is done with it I claim a one-fourth interest in the widow's dower." Of course, appellant had no interest in the widow's dower. Upon the widow's death her dower was at an end, and if she sold, as she says, her interest except what interest she might have in the widow's dower, she sold all the title she had. We think the finding of the court that appellant had no interest may be regarded as correct,—that is, in equity she had no interest.

Under the allegations of the amended bill and the evidence we are inclined to the opinion that it would have been a better practice had the court, in its decree, reformed the deed. But as the same result was reached we are not inclined to disturb the decree, and it will be affirmed.

                                        *Decree affirmed.*