## Charles Turgrimson, Appellant, v. Sophie Wahl and Julius Wahl, Appellees.

## Gen. No. 16,364.

CHATTEL MORTGAGES—*when upon household goods void.* If a chattel mortgage is executed by the husband who holds a power of attorney from his wife, she not joining therein, the chattel mortgage is void where the answer of the wife filed to the bill to foreclosure denies the authority of the husband to execute and acknowledge in her behalf the particular mortgage in question.

Foreclosure. Appeal from the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 11, 1912. Rehearing denied May 2, 1912.

CLARK & CLARK, for appellant.

C. C. MARCH, for appellees.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Cook county, sustaining the exceptions of Sophie Wahl and Julius Wahl to the master's report, and dismissing the bill of Charles Turgrimson for want of equity. Complainant's bill was a bill in the usual form to foreclose a chattel mortgage upon certain household goods owned by Julius Wahl, the husband of Sophie Wahl.

The facts are substantially as follows: At different times between July 1, 1904, and September 9, 1905, inclusive, Julius Wahl borrowed in the aggregate the sum of $375 from complainant. Of this sum he has paid back $66.50, leaving a balance of $308.50. Of this sum of $375, he received $100 from complainant on September 9, 1905, and on that date he personally signed a judgment note for $450, due April 9, 1906,

payable to the order of complainant. In addition to his own signature, he also signed the note, "Sophie Wahl, by Julius Wahl, her Atty. in fact." The note provided for reasonable costs of collection, including an attorney's fee. The amount of said note was made up of the $100 and of the money theretofore loaned, and of interest figured at the rate of five per cent per month. To secure said note, the chattel mortgage in question, dated September 9, 1905, on said household goods was signed by Julius Wahl personally, and was also signed, "Sophie Wahl, by Julius Wahl, her Atty. in fact." A justice of the peace in the town of Hyde Park certified that the mortgage was duly acknowledged before him "by the above named Sophie Wahl, by Julius Wahl, her attorney in fact, and Julius Wahl, the mortgagors therein named."

On said September 9, 1905, but prior to the time of the signing of said note and chattel mortgage as aforesaid, Sophie Wahl signed a power of attorney to her husband, Julius Wahl. She did not acknowledge it. The instrument states, in substance, that she appoints Julius Wahl, her husband, her true and lawful attorney "to borrow such sum or sums of money, for such time or times, upon such terms and conditions," as to him may seem proper, and in her behalf, and as her act and deed, "to sign, seal, acknowledge and deliver any and all notes, contracts and chattel mortgages to secure money borrowed or otherwise," and also in her name and stead to grant, bargain and sell, at such prices and terms as he may deem expedient, "all or any part of the personal property," which she may now or hereafter "own or have an interest in," and to sign, acknowledge and deliver "any and all bills of sale or other instruments of conveyance therefor" as to him may seem proper, giving her attorney full power and authority, etc., and ratifying and confirming all that her attorney shall lawfully do.

Complainant's bill prayed for an accouning and for

a decree of foreclosure on said household goods. An answer by the defendants under oath was waived. A joint and several answer of the two defendants was subsequently filed, and the defendant, Sophie Wahl, made affidavit that "the portion of said answer, by her individually made, is true in substance and in fact." In that portion of said answer she alleges, "if the said complainant, or her said co-defendant, Julius Wahl, has any paper or writing from this defendant, purporting to authorize said co-defendant, Wahl, to sign, execute and acknowledge a chattel mortgage for her and in her name, jointly with said co-defendant, that any such paper or writing did not refer to the chattel mortgage set forth in said bill, and * * * that she did not authorize * * * Julius Wahl to sign, acknowledge, execute and deliver said chattel mortgage * * * to the complainant, * * * that she did not sign, execute, acknowledge and deliver the same in person, * * * that she had no knowledge of the claimed existence of any such mortgage until after the complainant filed his bill, * * * and that the said chattel mortgage is not the act, mortgage or deed of this defendant; * * * that the alleged judgment note * * * was not by her signed, executed and delivered to the complainant, nor did she at any time heretofore authorize * * * Julius Wahl to sign, execute and deliver said alleged note to said complainant for her, or on her behalf, and that the same is not the act of this defendant; * * * and that she did not join in the making and execution of said alleged chattel mortgage, nor does said bill of complaint show that she did join in the making and execution of the same, as required by the statute relating to foreclosure of chattel mortgages on household goods; * * * and she denies that she is now or was at any time heretofore, the owner of said household goods; * * * and she claims and insists that said alleged mortgage is void and of no effect."

The cause was referred to a master in chancery to

take proofs and report the same, together with his conclusions thereon. On the hearing before the master, complainant introduced in evidence as Exhibits 1, 2 and 3, the power of attorney, note, and chattel mortgage, all over the objection of counsel for the defendant, Sophie Wahl. The complainant was sworn as a witness in his own behalf, and testified that the signatures on said note and on said mortgage were the signatures of Sophie Wahl, by Julius Wahl, her attorney in fact, and the signatures of Julius Wahl; that he saw Julius Wahl sign the same; that no money had ever been paid him on said note; that at the time of the signing of said note and mortgage, the said power of attorney "with the signature of Sophie Wahl as it now appears thereon," was in his possession. Edward L. Curran, an employe of the complainant, also testified on complainant's behalf to the effect that he was acquainted with both of the defendants, that on September 9, 1909, he called at the home of Sophie Wahl with the instrument "Exhibit 1" (power of attorney), that Sophie Wahl then signed it, and that he saw her sign it. These two witnesses were the only witnesses who testified on behalf of complainant, and their said testimony, together with said exhibits, was the only evidence on the question of Sophie Wahl "joining" with her husband in the execution of said chattel mortgage. The master found that the loans from time to time made to Julius Wahl by complainant were usurious, that there was due to complainant the sum of $308.50 without interest, and that complainant was entitled to collect said sum by the foreclosure of the household goods enumerated in said chattel mortgage. Objections were filed before the master and overruled, these objections were ordered by the Court to stand as exceptions, and on the hearing, the trial Court, as before stated, sustained the exceptions, and dismissed complainant's bill for want of equity.

In this State, prior to July 1, 1889, a married man might execute a valid chattel mortgage on household goods, which were owned by him, without his wife's joining in the execution of the mortgage. As a result, it sometimes happened that the first notice the wife had of the existence of such a mortgage was when teams came to the family home to carry away the goods. To remedy such an abuse, and other abuses, the legislature of this State, in 1889, passed an act entitled "An Act to Regulate the Foreclosure of Chattel Mortgages on Household Goods, Wearing Apparel and Mechanic's Tools." Section 2 of that Act, (Sec. 24, Chap. 95, Hurd's Rev. Stat.) provides:

"No chattel mortgage executed by a married man or married woman on household goods shall be valid unless joined in by the husband or wife, as the case may be."

It is contended by counsel for the appellees that, by reason of this statute, a married man cannot make a valid chattel mortgage, on household goods owned by him, without his wife's joining in the execution of the instrument itself, and that, therefore, under the facts in this case, the chattel mortgage now in question is void, and the decree of the trial Court should be affirmed. It is contended by counsel for appellant that a chattel mortgage to be valid, *as between the parties,* need not be acknowledged by the mortgagor; that, by virtue of Section 14 of Chapter 68 of the statutes of this State, a wife may constitute her husband her attorney in fact to dispose of her property; that an unacknowledged power of attorney given by a wife to her husband, as in this case, whereby she authorized him "to grant, bargain and sell * * * all or any part of the personal property I may now or hereafter own, or have an interest in, and to sign, acknowledge and deliver * * * any and all bills of sale, or other instruments of conveyance thereof," is a sufficient authorization to the husband to sign, acknowledge and deliver

such a chattel mortgage, as was done in this case in the manner aforesaid, and constitutes a sufficient ''joining'' in the execution of the mortgage in question, and that, therefore, the mortgage is valid.   In support of their contention, counsel for appellant cite the case of Dean v. Shreve, 155 Ill. 650, in which certain provisions of the Act of March 27, 1869, relative to married women, were construed.   The act provided, in substance, that any *feme covert* above the age of 18 years, *joining* with her husband in the execution of any deed or other writing of or relating to the sale, conveyance or other disposition of lands, should be bound and concluded by the same in respect to her right, title, claim, interest or dower in such estate as if she were sole and of full age, and that the acknowledgment or proof of such deed, mortgage, conveyance or other writing might be the same as if she was sole.   The deed in question in the case was signed by the wife, ''Samantha Dean, and William C. Dean, by Samantha Dean,'' and was duly acknowledged before a notary public by Samantha Dean.   The Court held that this was a sufficient ''joining.''   The Court says (p. 654):

''Under this statute the acknowledgment ceased to be an essential requisite to the validity of a deed. Where she joined with the husband in the execution of the instrument the demands of the law were complied with.   The certificate of acknowledgment might be the same as if she was sole.   Indeed, if the instrument was not acknowledged at all, proof of its execution might have been made as at common law.   Here the husband and wife joined in the execution of the deed.   His name, it is true, was signed to the deed by the wife; but authority from the husband to write his signature to the deed is not denied by either husband or wife in either the answer or the evidence.   It will, therefore, be presumed she wrote his name to the deed by his direction.

The fact that the husband did not acknowledge the deed did not impair its validity.   He joined with the

wife in its execution which, under the act of 1869, rendered it valid.''

It will be noticed that our Supreme Court seemingly bases its decision on the fact that authority from the husband to the wife to write his signature to the deed was not denied in either the answer or the evidence by either the husband or the wife, and that, therefore, the presumption exists that she wrote his name to the deed by his direction. In the case now before us, there is no such presumption, because Sophie Wahl, in her answer, specifically says that she did not authorize her husband to execute said chattel mortgage, and that the same is not her act, mortgage or deed. Furthermore, the evidence introduced by the complainant before the master does not show, satisfactorily to us at least, such. an authorization by the wife to the husband, and no evidence was introduced by the defendants. Therefore, we do not think that the decision in the Dean case is applicable to the facts in the present case.

We have been unable to find any case reported in either the Supreme or Appellate Court reports of this State, nor has one been cited by counsel, where the question as to what constitutes ''joining'' in the execution of a chattel mortgage on household goods by husband and wife has been decided, but after a careful consideration of the entire record and the briefs and arguments of counsel, we have reached the conclusion that the chattel mortgage here in question is void, and that the decree of the trial Court, in dismissing the bill for want of equity, should be affirmed.

*Decree affirmed.*